902 F.2d 1565
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Fathi MUBARAK, Plaintiff-Appellant,
v.
A.M. Robert DEAN, Defendant-Appellee,
and
International Financial Management Consulting Group, Ltd.,
Mohamad Saied Abdul Hadi, Margaret Dean, Defendants.
 No. 89-1480.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 28, 1989.
Decided April 27, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-88-1530-A)
 Robert Lee Tomlinson II, Arlington, Va., for appellant.
 Sharon D. Meyers, Smith, McNutly & Kearney, Boston, Mass., for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The district judge entered a directed verdict for defendant A.M. Robert Dean after hearing the plaintiff's evidence. We affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 2
 In August of 1988, the plaintiff Mubarak entered into a stock subscription agreement to purchase fifty thousand dollars in stock of defendant International Financial Management Consulting Group, Ltd. (the "company"). Pursuant to that agreement, Mubarak placed the fifty thousand dollars in a corporate bank account for the company. It was Mubarak's understanding that there would be only two signatories on this account, Mubarak and Mohamad Saied Abdul Hadi, and that two signatures would be required to withdraw money from that account. Thus, no money could be withdrawn without Mubarak's authorization.
 
 
 3
 Somehow, Dean's signature was added on that bank account. Dean and Hadi subsequently made substantial withdrawals from the account. This eventually caused Mubarak to bring a four count suit against Dean, Hadi and the company. This suit was brought in federal court on diversity jurisdiction, and the law of Virginia applied. Count One was a shareholder's derivative action, and was later voluntarily dismissed by plaintiff. Counts Two and Three accused Hadi of actual and constructive fraud. Count Four was a claim for conversion against Hadi, Dean, and the company. Thus, Count Four was the only one stating a claim against Dean. Hadi failed to appear at trial, and a default judgment was entered against him on Counts Two through Four.
 
 
 4
 At trial, the evidence against Dean was scant. Plaintiff only offered evidence that he did not authorize putting Dean's signature on the company's bank account, that his signature subsequently appeared on this bank account, that Dean participated in the withdrawal of monies from the account, and that Mubarak later stated in Dean's presence that he wanted his money back. Upon defendant's motion, the trial judge directed a verdict for Dean pursuant to Fed.R.Civ.P. 41(b). The judge held that plaintiff had produced no evidence of conversion.
 
 
 5
 The plaintiff contends that the district judge added an element to the tort of conversion that does not exist in Virginia, and dismissed erroneously on that basis. Plaintiff argues that the judge required evidence that Dean had knowledge of the Mubarak-Hadi agreement that only their signatures would appear on the company's bank account. Yet, it is the law in Virginia that a defendant does not need to have knowledge of the plaintiff's interest in the subject property in order to be held liable for conversion. Universal C.I.T. Credit Corp. v. Kaplan, 198 Va. 67, 92 S.E.2d 359 (1956).
 
 
 6
 While the plaintiff correctly states the law, he misunderstands the district judge's ruling. Even if Dean's signature were placed on the company's bank account by fraud, it does not follow that this additional signature cannot be used to withdraw funds, absent some showing of knowledge of fraud on the part of the bank. There was no proof that Dean participated in any fraud to add his signature to the bank account. Thus, it was not conversion for Dean to participate in withdrawing money from the account. The tort was committed when Dean's signature was allegedly wrongfully added to the signature list. This wrong was alleged against Hadi in Counts Two and Three of the complaint, and plaintiff received a default judgment on those counts.
 
 
 7
 The judgment of the district court is accordingly
 
 
 8
 AFFIRMED.